DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**QUINTICA RAINES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3089

[May 26, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 18-4305 CF10A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

ARTAU, J.

The defendant appeals his convictions and resulting sentences. While we affirm as to all other issues raised on appeal, we agree with the defendant's argument that his sentence on Count II, as reflected on the written sentencing order, exceeds the statutory maximum of thirty years for a Habitual Felony Offender ("HFO") sentence.

The trial court adjudicated the defendant guilty following a jury trial of aggravated battery with a deadly weapon (Count I) and carrying a concealed weapon by a convicted felon (Count II). The trial court determined that the defendant qualified for sentencing as both a HFO and a Prison Releasee Reoffender ("PRR") on Count I, but only as a HFO on Count II. The trial court orally sentenced the defendant to a term of imprisonment of thirty years and one day on Count I and a concurrent sentence of thirty years on Count II. However, the written sentencing order incorrectly imposes concurrent terms of imprisonment of thirty years and one day on both counts. The maximum penalty for a second-degree felony as a HFO cannot exceed thirty years. § 775.084(4)(a)(2), Fla. Stat. (2020)

("In the case of a felony of the second degree, for a term of years not exceeding 30.").

We remand for correction of the written sentencing order to conform to the trial court's oral pronouncement of a thirty-year sentence on Count II. "A court's written order of judgment and sentence must not vary from its oral pronouncement of judgment and sentence." *Patrick v State*, 413 So. 2d 474, 475 (Fla. 2d DCA 1982). "Where a trial court's written sentencing order conflicts with the oral pronouncement, the oral pronouncement controls." *Santiago v. State*, 133 So. 3d 1159, 1167 (Fla. 4th DCA 2014); *see also Thomas v. State*, 183 So. 3d 479, 480 (Fla. 4th DCA 2016) (finding that the trial court's oral pronouncement controlled over a conflicting written sentencing order). On remand, the trial court shall correct the written sentencing order. The defendant need not be present for this ministerial task. The defendant's convictions and sentences are affirmed in all other respects.

*Remanded with instructions and affirmed as to all other issues.*

GERBER and KUNTZ, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***